```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                 97-CR-124(14)(JMR/AJB)
```

United States of America    )
                            )
     v.                     )           ORDER
                            )
Juan Roberto Leon           )

Petitioner, Juan Roberto Leon, seeks relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") subsequent to the denial of his 28 U.S.C. § 2255 petition. His motion is denied as an unauthorized successive habeas petition.

I.  Background

On April 18, 1997, petitioner was arrested on a federal warrant. The indictment was filed on May 19, 1997. In May, 1998, petitioner was convicted of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. On March 23, 1999, petitioner was sentenced to 300 months imprisonment.

In January, 2000, petitioner appealed his conviction and sentence. The Eighth Circuit Court of Appeals affirmed both. United States v. Gutierrez et. al., 205 F.3d 1348 (8th Cir. 1999) (unpublished table decision).

In April, 2001, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming a violation of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Petitioner's motion was denied, and no Certificate of Appealability issued.

In February, 2005, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 attacking his sentence under <u>United States v. Booker</u>, 543 U.S. 220 (2005). This petition was dismissed for lack of jurisdiction. Petitioner appealed the dismissal to the Seventh Circuit Court of Appeals, which affirmed. <u>Leon v. Veach</u>, Appeal No. 05-2405 (7th Cir. Order, Sept. 15, 2005). On November 17, 2006, petitioner filed a motion seeking to re-file a writ of habeas corpus as a new suit, or alternatively, seeking permission for a second or successive petition. This motion was denied. <u>Leon v. United States</u>, Appeal No. 06-03868 (8th Cir. Judgment, Apr. 30, 2007).

Petitioner now claims he was denied his Sixth Amendment right to a speedy trial because (1) he was indicted after the 30-day limit mandated by 18 U.S.C. § 3161(b); and (2) his trial took place more than 70 days after his indictment, in violation of 18 U.S.C. § 3161(c)(1). Petitioner argues his claims are supported by <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005), and <u>Zedner v. United States</u>, 547 U.S. 489 (2006). This unauthorized successive petition fails.

II. <u>Discussion</u>

    A. <u>Speedy Trial</u>

The Speedy Trial Act, 18 U.S.C. §§ 3161 <u>et. seq.</u> (1988) ("the Act"), requires a criminal defendant to be indicted within 30 days of either arrest or service by summons. <u>Id.</u> at § 3161(b). The Act

2

further requires that criminal defendants be tried within 70 days of indictment, or the date of first appearance before a judicial officer, whichever is later.  Id. at § 3161(c)(1).  Failure to indict within 30 days of arrest or appearance results in the charges being dismissed or dropped, regardless of whether the defendant so moves, but the time limit is extended by various exclusions listed in § 3161(h).  See 18 U.S.C. § 3162(a)(1).  Failure to try the case within 70 days of indictment, on the other hand, requires dismissal only "on motion of the defendant."  18 U.S.C. § 3162(a)(2).

The Court finds there were enough excludable days that the 30-day requirement for indictment was not violated.  The Court further finds petitioner's failure to move for dismissal prior to trial constitutes a retrospective waiver of his right to a Speedy Trial.

Petitioner claims a Speedy Trial violation, because his May 19, 1997, indictment occurred 31 days after his April 18, 1997, arrest.  He is wrong.  The Act excludes various time delays, including time during which the court considers pretrial motions, delays resulting from examination of the defendant, and delays resulting from transportation of the defendant.  Id. at §3161(h).  A motion for a detention hearing was filed on April 18, 1997, and heard on April 22, 1997.  The order for detention was filed on May 1, 1997.  Therefore, April 18 to May 1, 1997, is excluded from the Speedy Trial calendar.  Although 31 calendar days passed from

arrest to indictment, only 18 speedy trial days were expended.

Likewise, petitioner claims 18 U.S.C. § 3161(c)(1) was violated because his trial occurred 315 days after his indictment. The 70-day requirement of § 3161(c)(1) is also subject to the exclusions of § 3161(h).  More importantly, 18 U.S.C. 3162(a) states, and Zedner v. United States confirms, that the 70-day speedy trial requirement is waived if not raised before trial. Petitioner filed 14 motions that collectively exclude more than 150 days from the speedy trial calendar.  Additional days are excluded because of additional motions filed on behalf of the government. Even though 315 calendar days passed between the indictment and the first day of trial, far fewer speedy trial days passed. Nonetheless, the exact number of days is unimportant, because petitioner waived his right to a speedy trial by not raising the issue prior to the commencement of trial.

    B.  Successive Habeas

Regardless of the speedy trial claims, this petition is barred as a successive habeas.  Petitioner is incorrect when he asserts that Gonzales v. Crosby, 545 U.S. 524 (2005), allows him to reopen his case and raise claims of procedural errors in the underlying court proceedings pursuant to Fed. R. Civ. P. 60(b).  Petitioner reads Gonzales too broadly by claiming his Rule 60(b) motion should not be treated as a second or successive habeas petition requiring a Certificate of Appealability.

The holding in Gonzales is narrow.  That court limited its holding to Rule 60(b) motions made subsequent to a habeas petition under 28 U.S.C. § 2254.  In doing so, it excluded Rule 60(b) motions subsequent to § 2255 petitions, such as that previously filed by petitioner.  Gonzales, 545 U.S. at 530.

More importantly, the Supreme Court limited Gonzales to those cases "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  Id. at 532.  In Gonzales, the court found that the Rule 60(b) motion in question was not a successive habeas petition because it challenged only the district court's previous ruling on the statute of limitations in § 2254 habeas petitions.  Id. at 535.

Gonzales is distinguishable from this case. Here, petitioner does not allege a "defect in the integrity of the [prior] federal habeas proceedings," id.  Instead, he seeks to raise an entirely new issue based on an alleged defect in the proceedings of the underlying trial.  Therefore, his motion does not qualify for the Gonzales exception, and his rule 60(b) motion must be treated as what it is:  a second or successive habeas corpus petition.

Section 2255 restricts the filing of second or successive habeas motions.  Such a motion may only be made after the appropriate court of appeals has authorized the district court to consider the application.  28 U.S.C. § 2244(b)(3).  Here, no such

application has been made.  Petitioner, instead, is attempting an end run around 28 U.S.C. § 2244(b)(3) by purportedly invoking a different procedure.  See United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).  As this Court is not authorized to consider petitioner's motion, it is denied.

    C.    Retrospective Waiver of Speedy Trial

Petitioner also misreads Zedner v. United States, 547 U.S. 489 (2006).  His claim that it disallows waiver of the right to a speedy trial in all circumstances is incorrect.  Actually, Zedner distinguishes prospective from retrospective waivers.  In Zedner, the defendant requested a long continuance, seeking to consult experts who might authenticate his allegedly counterfeit bonds. Id. at 493-94.  The district court declined the continuance until the defendant signed a waiver of his speedy trial rights.  Id. at 494.  The Supreme Court did not support this ex ante waiver, but agreed with the district court that congress had authorized retrospective waivers.  Id. at 502.  The Act specifically states that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2).  As discussed above, petitioner did not file a pretrial motion to dismiss the indictment.  As a result, he has waived any alleged violation of the Act.  United States v. Kaylor, 877 F.2d 658, 663 (8th Cir. 1989).

D.  Certificate of Appealability

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). The Court finds no issue raised is "debatable among reasonable jurists" or deserving of further proceedings. Flieger v. Delo, 16 F.3d 878, 883 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

III. Conclusion

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to Rule 60(b) [Docket No. 1154] is denied.

2. No Certificate of Appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 25, 2008

                                      s/ JAMES M. ROSENBAUM
                                      JAMES M. ROSENBAUM
                                      United States District Judge