UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 97-CR-0124(14) (PJS/AJB) |
| Plaintiff, | |
| v. | ORDER |
| JUAN ROBERTO LEON, | |
| Defendant. | |

Andrew Dunne, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Juan Roberto Leon, pro se.

In 1998, defendant Juan Roberto Leon was convicted of drug-related offenses in connection with his participation in a conspiracy to distribute methamphetamine. At his sentencing before Judge James M. Rosenbaum, Leon was held responsible for 15.4 kilograms of methamphetamine, corresponding to a base offense level of 36 under the version of the United States Sentencing Guidelines that applied to his offenses. *See* U.S.S.G. § 2D1.1(c)(2) (1995).[1] Leon's criminal-history category was IV, giving him a

---

[1]Although Leon was sentenced in 1999, Judge Rosenbaum applied the 1995 version of the guidelines, presumably to avoid ex post facto concerns (i.e., subjecting Leon to harsher punishment than the guidelines provided for when he committed his offenses). *See* U.S.S.G. § 1B1.11(b)(1); *United States v. Bell*, 991 F.2d 1445, 1447-52 (8th Cir. 1993). The base offense levels for methamphetamine were increased in 1997. *See* U.S.S.G. app. C amend. 555. If Leon had been sentenced according to the 1998 guidelines (in effect when he was sentenced in March 1999), instead of the 1995 guidelines (in effect when he participated in the conspiracy in September 1996), his base offense level would have been 38. *See* U.S.S.G. § 2D1.1(c)(1) (1998).

guideline range of 262 to 327 months.  Judge Rosenbaum sentenced Leon to a term of 300 months' imprisonment.

This matter is before the Court on Leon's motion to appoint counsel to assist him in preparing a motion under 18 U.S.C. § 3582(c)(2) seeking a sentence reduction pursuant to "Amendment 782," the United States Sentencing Commission's 2014 amendment to the drug-offense guideline, *see* U.S.S.G. § 1B1.10(d), app. C amend. 782. Leon invokes the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as the basis for his entitlement to a lawyer.  But neither the CJA nor the United States Constitution provides a right to counsel in § 3582(c)(2) proceedings.  *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (per curiam); *United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009); *United States v. Reddick*, 53 F.3d 462, 464-65 (2d Cir. 1995).  Instead, the Court has discretion whether or not to appoint counsel, *Webb*, 565 F.3d at 795 & n.4; *Reddick*, 53 F.3d at 465, and that decision depends in large part on the merits of the proposed sentence-reduction motion, *Reddick*, 53 F.3d at 465 n.2.  Because the record clearly demonstrates that a motion to reduce Leon's sentence under § 3582(c)(2) would fail, the Court denies Leon's motion to appoint counsel.

Section 3582(c)(2) authorizes a sentence reduction only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."

*See also* U.S.S.G. § 1B1.10(a)(2)(B) (sentence reductions are not authorized under the guidelines if the amendment "does not have the effect of lowering the defendant's applicable guideline range").  Amendment 782 retroactively reduced the base offense level for most drug offenders, but Amendment 782 did not reduce the base offense level for *all* drug offenders—and, unfortunately for Leon, he is one of those defendants whose base offense level was not reduced by Amendment 782.

Leon was held responsible for 15.4 kilograms of methamphetamine.  Under the version of the guidelines that applied when Leon committed his offenses, "[a]t least 10 KG but less than 30 KG of Methamphetamine" yielded an offense level of 36.  U.S.S.G. § 2D1.1(c)(2) (1995).  After Amendment 782, "[a]t least 15 KG but less than 45 KG of Methamphetamine" yields an offense level of 36.  U.S.S.G. § 2D1.1(c)(2) (2014).  Thus, the quantity of methamphetamine for which Leon was held responsible— 15.4 kilograms—results in the same base offense level today as it did at the time of his offenses.  Leaving all other guideline-application decisions in place, *see* U.S.S.G. § 1B1.10(b)(1), Leon's guideline range today is exactly the same as Leon's guideline range at the time of his offenses:  262 to 327 months.

In short, because Leon's guideline range has not been lowered, Leon is not eligible for a sentence reduction under § 3582(c)(2).  Because Leon is not eligible for a

sentence reduction, the Court denies Leon's motion to appoint counsel to bring a motion for a sentence reduction.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, Leon's motion to appoint counsel [ECF No. 1178] is DENIED.

Dated:  August 25, 2015               s/Patrick J. Schiltz
                                                              Patrick J. Schiltz
                                                              United States District Judge