UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 97-CR-0124(14) (PJS) |
| Plaintiff, | |
| v. | ORDER |
| JUAN ROBERTO LEON, | |
| Defendant. | |

This matter is before the Court on defendant Juan Roberto Leon's pro se motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence pursuant to "Amendment 782," the United States Sentencing Commission's 2014 amendment to the drug-offense guideline. *See* U.S.S.G. § 1B1.10(d), app. C amend. 782.  This is the second time that Leon has moved for a sentence reduction under § 3582(c)(2).  As the Court has already explained to Leon—first in denying his motion to appoint counsel to help him prepare a § 3582(c)(2) motion, ECF No. 1192, and then in denying his previous § 3582(c)(2) motion, ECF No. 1198-1—Leon is not eligible for a sentence reduction.

Section 3582(c)(2) authorizes a sentence reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  As the Court has twice explained, Amendment 782 did not reduce the base offense level for the drug offense for which Leon was convicted, and therefore had no effect on his Guidelines

range. *See* ECF No. 1192 at 3 (explaining that 15.4 kilograms of methamphetamine yields the same base offense level even after the amendment); *see also* ECF No. 1198-1 at 1. Because sentence reductions are not authorized when an amendment "does not have the effect of lowering the defendant's applicable guideline range," U.S.S.G. § 1B1.10(a)(2)(B), Leon is not eligible for a sentence reduction under § 3582(c)(2).

Leon offers a number of reasons why his sentence should nevertheless be reduced. He asserts that he is subject to deportation; that he has served 23 years of his 25-year sentence; that he is now 43 years old; that he has obtained his GED and taken numerous education courses in prison; and that he has conducted himself well in prison. ECF No. 1202 at 2. As the United States Supreme Court has explained, however, a sentence of imprisonment "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010).

None of those "limited circumstances" apply to Leon. He does not claim that his sentence was imposed in violation of the Constitution or federal law (and, even if he did, he would have to file an action under 28 U.S.C. § 2255). He does not claim that his sentence is the result of "arithmetical, technical, or other clear error" (as would be necessary to invoke Fed. R. Crim. P. 35(a)) or that it is a result of "clerical error" (as would be necessary to invoke Fed. R. Crim. P. 36). The Director of the Bureau of Prisons has not made a motion pursuant to 18 U.S.C. § 3582(c)(1)(A), nor has the

government brought a motion pursuant to Fed. R. Crim. P. 35(b). Finally, as the Court has explained, Leon's applicable sentencing range has not been lowered pursuant to 28 U.S.C. § 994(o), as would be necessary to invoke 18 U.S.C. § 3582(c)(2). In sum, even if the Court wanted to modify Leon's sentence, it would not have authority to do so.[1]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion to reduce his sentence [ECF No. 1201] is DENIED.

---

[1] Leon relies on *United States v. Miller*, No. 89-CR-0120 (JMR), 2010 WL 3119768 (D. Minn. Aug. 6, 2010), but that case is both irrelevant and contrary to binding Eighth Circuit precedent.

The defendant in *Miller* was serving a mandatory life sentence for distributing crack cocaine. In 2007, the Sentencing Commission amended the Guidelines to reduce the crack/powder cocaine disparity. The defendant moved for a sentence reduction under § 3582(c). The defendant was not entitled to such a reduction, because his life sentence was mandated by statute, and thus was not "based on" a Guidelines range that had subsequently been lowered. But the district judge nevertheless granted the motion on account of what he described as "singular and unique" facts—acknowledging that, in so doing, he was "stray[ing] from the bounds" of binding appellate authority. *Id.* at *1. The district judge explained that the "underlying guideline calculation"—and thus the crack/powder cocaine disparity—"influenced" the judge's original sentence, even though that sentence was mandated by statute. *Id.* at *2.

*Miller* has been criticized by a number of courts as "contrary to circuit precedent and the Sentencing Commission's policy statements." *United States v. Hope*, 642 F. App'x 961, 964 (11th Cir. 2016). Moreover, even if *Miller* was correctly decided, the decision in no way suggests that a court has authority to reduce a prisoner's sentence because he has done well in prison or because of any of the other reasons cited by Leon.

Dated: June 27, 2018              s/Patrick J. Schiltz
                                  Patrick J. Schiltz
                                  United States District Judge